No. 91–7050. TAYLOR *v.* UNITED STATES. C. A. 1st Cir. Certiorari denied. 

JUSTICE WHITE, dissenting.

The Court of Appeals held that the Interstate Agreement on Detainers Act (IAD), 18 U. S. C. App. § 2, Art. IV(e), did not compel dismissal of the indictment against petitioner, who was taken from state custody in Massachusetts to Federal District Court on a writ of habeas corpus *ad prosequendum* for arraignment on an unrelated crime and returned to state custody the same day. The Courts of Appeals are divided as to the propriety of dismissal when technical violations of the IAD occur. Some courts take the First Circuit's view that such violations do not merit dismissal, see, *e. g., United States* v. *Roy*, 830 F. 2d 628, 636 (CA7 1987), cert. denied, 484 U. S. 1068 (1988); *United States* v. *Roy*, 771 F. 2d 54, 60 (CA2 1985), cert. denied, 475 U. S. 1110 (1986); *Sassoon* v. *Stynchombe*, 654 F. 2d 371, 374–375 (CA5 Unit B Aug. 1981); but others do not, see, *e. g., United States* v. *Thompson*, 562 F. 2d 232, 234 (CA3 1977) (en banc), cert. denied, 436 U. S. 949 (1978); *United States* v. *Schrum*, 638 F. 2d 214 (CA10 1981), aff'g 504 F. Supp. 23 (Kan. 1980). The Ninth Circuit has expressly recognized this conflict, and sided with the position taken

by the First, Second, Fifth, and Seventh Circuits. See, *e. g.,* *United States* v. *Johnson,* 953 F. 2d 1167, 1171 (1992).

One of the Court's duties is to do its best to see that the federal law is not being applied differently in the various circuits around the country. The Court is surely not doing its best when it denies certiorari in this case, which presents an issue on which the Courts of Appeals are recurringly at odds. I would grant certiorari.